### GUGGISBERG v. KRAUS.

(Supreme Court, Appellate Term, First Department. March 30, 1916.)

MASTER AND SERVANT ⬡➡6—EMPLOYMENT BY THIRD PARTY—SUFFICIENCY OF EVIDENCE.

In an action by a night watchman against his employer for compensation, evidence *held* sufficient to show that plaintiff's services, after defendant removed his property from the factory premises, were rendered at the request and for the benefit of the owner thereof.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 6; Dec. Dig. ⬡➡6.]

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

Action by George Guggisberg against David Kraus. From a judgment for plaintiff, defendant appeals. Judgment affirmed conditionally, upon plaintiff's stipulating to reduce the amount.

Argued February term, 1916, before LEHMAN, WEEKS, and DELEHANTY, JJ.

Charles L. Hoffman, of New York City (Henry A. Friedman, of New York City, of counsel), for appellant.

Horkheimer & Cohen, of New York City (Robert F. Drenge, of New York City, of counsel), for respondent.

WEEKS, J. The plaintiff was night watchman in a factory which defendant leased at Ridgewood Park, N. J. The defendant vacated the premises on July 27, 1915, and removed all his property. Thereafter the plaintiff went to the agent of the owner, who asked him to stay and told him to keep on working there. Defendant was later sued by the owner for rent due under the lease for the three months commencing July 1, 1915, and this claim was not settled until September 17, 1915, when surrender of the premises was accepted by the landlord and the lease canceled.

Plaintiff was paid his weekly wages up to July 24, 1915, and was permitted to recover for the period up to September 22, 1915, upon the theory that there had been no formal discharge, and also to recover for extra time for watching the premises during the daytime on Sundays and on certain holidays. While the evidence to support the recovery upon the claim for extra time is meager, the judgment should

not be disturbed in that respect; but it is unreasonable to believe that defendant would continue plaintiff's employment as a night watchman after the removal of his property, and plaintiff's interview with the agent for the owner clearly shows that his services after that time were at the request and for the benefit of the owner, so that he is only entitled to recover his wages from this defendant for the week ending July 31st.

The judgment, therefore, should be reversed, and a new trial ordered, with $30 costs to appellant to abide the event, unless plaintiff within five days stipulates to reduce the judgment to $37.71 and proper costs in the court below, in which event the judgment, so modified, will be affirmed, without costs. All concur.